IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

OSCAR ORLANDO ESTELA RIVERA
xxx-xx-0113

DEBTOR

CASE NO 24-02581 MCF

CHAPTER 13

## NOTICE OF FILING OF AMENDED CHAPTER 13 PLAN
## AND CERTIFICATE OF SERVICE

TO THE HONORABLE COURT:

COMES NOW, **OSCAR ORLANDO ESTELA RIVERA,** the Debtor in the above captioned case, through the undersigned attorney and very respectfully states and prays as follows:

1. The Debtor is hereby submitting an amended Chapter 13 Plan, dated August 8, 2024, herewith and attached to this motion.

2. The Plan is amended to modify **Part 2, Section 2.1: to increase the proposed Plan base to 17,100.00; Part 3, Section 3.1 to delete a provision for BPPR for pre-petition arrears in a mortgage loan being paid by the property's co-owner: the Plan includes a provision for BPPR's Claim No. 1-3 under Part 8, Section 8.4 for the lifting of stay in favor of BPPR; Part 5, Section 5.1 to provide for a PV of $11,392 for distribution to general unsecured creditors, in the present Chapter 13 case.**

I CERTIFY, that on this same date a copy of this Notice was filed with the Clerk of the Court using the CM/ECF system which will send notice of same to the Chapter 13 Trustee, and all CM/ECF participants; I also certify that a copy of this notice was sent regular mail to the Debtor and to all creditors and parties in interest appearing on the master address list (CM/ECF non-participants), hereby attached.

## NOTICE

**You are notified that within twenty-one (21) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the**

requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**RESPECTFULLY SUBMITTED.** In San Juan, Puerto Rico, this 8th day of August, 2024.

*/s/Roberto Figueroa Carrasquillo*
USDC #203614
**RFIGUEROA CARRASQUILLO LAW OFFICE PSC**
ATTORNEY FOR the DEBTOR
PO BOX 186 CAGUAS PR 00726
TEL NO 787-744-7699 787-963-7699
Email: rfc@rfigueroalaw.com

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

In Re: ESTELA RIVERA, OSCAR ORLANDO

Case No.: 24-02581/MCF

Chapter 13

xxx-xx-0113
xxx-xx-

X Check if this is a pre-confirmation amended plan.

❏ Check if this is a post confirmation amended plan
Proposed by:
❏ Debtor(s)
❏ Trustee
❏ Unsecured creditor(s)

**Puerto Rico Local Form G**

**Chapter 13 Plan dated** _08/08/2024_.

☒ If this is an amended plan, list below the sections of the plan that have been changed.
2.1; 3.1; 3.5; 5.1; 8.4

## PART 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☑ Included | ☐ Not included |

**PART 2: Plan Payments and Length of Plan**

2.1 Debtor(s) will make payments to the trustee as follows:

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| $245.00 | 12 | $2,940.00 | |
| $295.00 | 48 | $14,160.00 | |
| Subtotals | 60 | $17,100.00 | |

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

2.2 Regular payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

2.3 Income tax refunds:

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

2.4 Additional payments:

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☑ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

Government employee PAD Bonus will be devoted each year, as periodic payments, to fund the plan until the plan's completion. The tender of such payments shall deem the plan modified by such amount, increasing the base without the need of further Notice, Hearing or Court Order. If the Debtor(s) need(s) to use all portions of such "Bonus", Debtor(s) shall seek Court's authorization prior to any use of funds.

**PART 3: Treatment of Secured Claims**

3.1 Maintenance of payments and cure of default, if any.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☐ The Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of creditor | Collateral | Current installments payments (Including escrow) | Amount of arrearage (if any) | Interest rate on arrearage (if any) | Monthly plan PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| | | | | | | |

Disbursed by:
☐ Trustee
☐ Debtor(s)

_____ Months   Starting on Plan Month _____

3.2 **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

   *Check one.*

   ☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

3.3 **Secured claims excluded from 11 U.S.C. § 506.**

   *Check one.*

   ☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4 **Lien Avoidance.**

   *Check one.*

   ☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5 **Surrender of collateral.**

   *Check one.*

   ☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

   ☑ The Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

   | Name of creditor | Collateral |
   |---|---|
   | AEELA | AEELA (Deposits and Dividends as per Claim No. 2)<br>Acct. No.: 0113 |

3.6 **Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.**

   ☐ Payments pursuant to 11 USC §1326(a)(1)(C):

   | Name of secured creditor | $ Amount of APMP | Comments |
   |---|---|---|
   | | | |
   | | | |

   Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

3.7 **Other secured claims modifications.**

   *Check one.*

   ☑ **None.** *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

## PART 4: Treatment of Fees and Priority Claims

### 4.1 General

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

### 4.2 Trustee's fees

Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

### 4.3 Attorney's fees

*Check one.*

☑ **Flat Fee:** Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

OR

☐ **Fee Application:** The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | |
|---|---|
| Attorney's fees paid pre-petition: | $217.00 |
| Balance of attorney's fees to be paid under this plan are estimated to be: | $3,783.00 |
| If this is a post-confirmation amended plan, estimated attorney's fees: | |

### 4.4 Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

### 4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### 4.6 Post confirmation property insurance coverage

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

## PART 5: Treatment of Nonpriority Unsecured Claims

### 5.1 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

*Check all that apply.*

☐ The sum of _____.

☐ _____ of the total amount of these claims, an estimated payment of _____.

☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

☑ If the estate of the Debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately **PV $11,322**

### 5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

5.3   **Other separately classified nonpriority unsecured claims.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### PART 6: Executory Contracts and Unexpired Leases

6.1   The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### PART 7: Vesting of Property of the Estate & Plan Distribution Order

7.1   **Property of the estate will vest in the Debtor(s) upon**

*Check the applicable box:*

☑ Plan confirmation.

☐ Entry of discharge.

☐ Other: _____

7.2   **Plan distribution by the trustee will be in the following order:**
*(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)*

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – *Arrearage payments*
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 5, Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

### PART 8: Nonstandard Plan Provisions

8.1   **Check "None" or list the nonstandard plan provisions**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

1. **8.2 This Section modifies LBF-G, Part 3: Retention of Lien:**
   The lien holder of any allowed secured claim, provided for by the Plan in its Part 3, will retain its lien according to the terms and conditions required by 11 USC 1325(a)(5)(B)(i)(I) & (II).

2. **8.3 This Section modifies LBF-G, Part 2, Section 2.3: Income tax Refund to be used to Funds the Plan:**
   Tax refunds will be devoted each year, as periodic payments, to fund the plan until the plan's completion. The tender of such payments shall deem the plan modified by such amount, increasing the base without the need of further Notice, Hearing or Court Order. If the Debtor(s) need(s) to use all or portion of such "Tax Refunds", Debtor(s) shall seek Court's authorization prior to any use of funds.

3. **8.4 This Section modifies LBF-G, Part 3, Section 3.1; payment of pre-petition mortgage loan arrears:**
   Upon the confirmation of this plan the automatic stay pursuant to Section 362(a) will be lifted in favor Banco Popular de Puerto Rico (BPPR) Claim No. 1-3, as to its collateral: Real property located at Borinquen Valley II #445 Yugo Street Caguas Puerto Rico. This mortgage loan is being paid directly to BPPR by co-owner Maria Isabel Velez Molina who is in possession of this real property. The Trustee will make no disbursements to secured creditor BPPR, without prejudice of creditor filing a deficiency claim in order to receive pro-rata distribution by the Trustee as an unsecured claim.

**PART 9: Signature(s)**

/s/Roberto Figueroa Carrasquillo  Date  08/08/2024
Signature of Attorney for Debtor(s)
Roberto Figueroa Carrasquillo
RFigueroa Carrasquillo Law Office PSC  Date

Date
*Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)*

By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.

```
Label Matrix for local noticing            BANCO POPULAR DE PUERTO RICO              US Bankruptcy Court District of P.R.
0104-3                                     COLON SANTANA & ASOCIADOS CSP             Jose V Toledo Fed Bldg & US Courthouse
Case 24-02581-MCF13                        315 COLL & TOSTE                          300 Recinto Sur Street, Room 109
District of Puerto Rico                    SAN JUAN, PR 00918-4026                   San Juan, PR 00901-1964
Old San Juan
Thu Aug  8 14:41:34 AST 2024

(p)ASOCIACION DE EMPLEADOS DEL ELA         BANCO POPULAR DE PR, BANKRUPTCY DEPARTMENT   CMPR, Inc
ATTN IRITZA ORTIZ ECHEVARRIA               PO Box 362708, San Juan PR 00936-2708     698 1/2 South Ogden Street
PO BOX 364508                              (787) 723-0077                            Buffalo, NY 14206-2317
SAN JUAN PR 00936-4508


Citi Card/Best Buy                         (p)PUERTO RICO TELEPHONE COMPANY DBA CLARO PR   (p)PENTAGON FEDERAL CREDIT UNION
PO Box 790040                              PO BOX 360998                             ATTN BANKRUPTCY DEPARTMENT
St Louis, MO 63179-0040                    SAN JUAN PR 00936-0998                    P O BOX 1432
                                                                                     ALEXANDRIA VA 22313-1432


Quantum3 Group LLC as agent for            Resurgent Receivables, LLC                Synchrony Bank/JC Penney
Sadino Funding LLC                         Resurgent Capital Services                Attn: Bankruptcy
PO Box 788                                 PO Box 10587                              PO Box 965060
Kirkland, WA 98083-0788                    Greenville, SC 29603-0587                 Orlando, FL 32896-5060


Synchrony Bank/Sams Club                   Synchrony Bank/TJX                        JOSE RAMON CARRION MORALES
Attn: Bankruptcy                           Attn: Bankruptcy                          PO BOX 9023884
Po Box 965060                              PO Box 965060                             SAN JUAN, PR 00902-3884
Orlando, FL 32896-5060                     Orlando, FL 32896-5060


MONSITA LECAROZ ARRIBAS                    OSCAR ORLANDO ESTELA RIVERA               ROBERTO FIGUEROA CARRASQUILLO
OFFICE OF THE US TRUSTEE (UST)             URB LLANOS DE GURABO 137                  PO BOX 186
OCHOA BUILDING                             MIRAMELINDA ST                            CAGUAS, PR 00726-0186
500 TANCA STREET  SUITE 301                Gurabo, PR 00778
SAN JUAN, PR 00901
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
AEELA                                      Claro                                     Pentagon Federal Credit Union
PO Box 364508                              PO Box 360998                             Attn: Bankruptcy
San Juan, PR 00936-4508                    San Juan, PR 00936-8366                   P.O. Box 1432
                                                                                     Alexandria, VA 22313-2032


End of Label Matrix
Mailable recipients    17
Bypassed recipients     0
Total                  17
```